IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BILL BEIGL,

                      Plaintiff,                    OPINION AND ORDER

v.

                                                09-cv-669-slc

TRANSAMERICA LIFE INSURANCE COMPANY
f.k.a. LIFE INVESTORS INSURANCE COMPANY
OF AMERICA,

                      Defendant.

---

This civil action for monetary damages was filed in the Circuit Court for Trempealeau County and removed to this court on November 2, 2009 on grounds of diversity jurisdiction. Plaintiff Bill Beigl has sued defendant Transamerica Life Insurance Company for breach of contract and bad faith because of its refusal to pay benefits under an accidental death insurance policy issued to plaintiff's wife, Mavis Beigl, who died after falling from her wheelchair in January 2008. Plaintiff contends that his wife's death was an accident and therefore he is entitled to the insurance proceeds, while defendant contends that Mavis died from multiple diseases that predated her fall.

Three motions are before the court:  1) defendant's motion to strike plaintiff's expert witness disclosures, dkt. 25; 2) plaintiff's motion to allow his untimely disclosure of Lindsey Thomas, M.D. as an expert witness, dkt. 30; and 3) defendant's motion to bifurcate the breach of contract and bad faith claims and stay all discovery on bad faith, dkt. 15.

OPINION

I.  Motion to Strike Plaintiff's Expert Disclosures and Plaintiff's Motion to Allow Untimely Disclosure of Dr. Lindsey Thomas

On December 7, 2009, this court held a pretrial conference with the parties at which it established various deadlines, including dates by which the parties were to make their expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2). Plaintiff's deadline was April 9, 2010; defendant's deadline was May 7, 2010. The written order memorializing these dates specified that "All [expert] disclosures must comply with the requirements of Rule 26(a)(2)(A), (B) and (C)" and warned the parties that failure to comply with the deadlines and procedures "could result in the court striking the testimony of a party's experts pursuant to Rule 37." Pretrial Conf. Ord., dkt. 6, at 2.

Plaintiff filed his initial disclosures under Rule 26(a) on December 18, 2009. Among the documents he identified were reports from Dr. Jeffrey Jentzen and Dr. Kelly C. Lear-Kaul, which he stated were already in defendant's possession. Defendant filed its initial disclosures a few days later, naming Dr. Lindsey Thomas as a witness who might have information about the autopsy and the cause of Mavis Beigl's death.

Plaintiff did not disclose any expert witnesses by his deadline of April 9, 2010. On May 7, after defendant filed *its* expert disclosure (in which it pointed out that plaintiff had failed to disclose any experts), plaintiff filed his "Second Supplemental Rule 26(a) Disclosures" identifying several additional witnesses. Dkt. 21. Among the witnesses listed were Dr. Lear-Kaul, Dr. Jentzen and Dr. Thomas, all of whom were identified as experts who would be called to testify as to Mavis Beigl's cause of death.

2

Three days later, on May 10, plaintiff filed a misnamed "Second Disclosure of Expert Witnesses," identifying Lear-Kaul, Jentzen and Thomas as expert witnesses whom he intended to call at trial and attaching reports from all three. None of the reports included information about the witness's qualifications, publications, trial experience or compensation. (It appears that plaintiff has since cured these deficiencies. *See* dkts. 29, 31.)

Defendant promptly responded with the instant motion to strike. Because plaintiff needs expert testimony in order to prove that his wife's death was accidental, success on the motion is an automatic win for defendant.

There is no dispute that plaintiff missed his April 9 deadline for disclosing experts and that his belated May 10 disclosures, at least with respect to Dr. Lear-Kaul and Dr. Jentzen, did not meet all of the Rule 26(a)(2) report requirements. (Defendant appears to concede that, because Dr. Thomas was not "retained or specially employed [by plaintiff] to provide expert testimony in the case," she did not have to file an expert report under Rule 26(a)(2)( B). *See Blameuser v. Hasenfang*, 345 Fed. Appx. 184, 2009 WL 2922872, *3 (7th Cir. 2009) (nonprecedential disposition).) There also is no dispute that plaintiff lacks a good reason for his omission: plaintiff admits that his untimely and incomplete disclosures with respect to Lear-Kaul and Jentzen were the result of mere "inadvertence." With respect to Thomas, plaintiff asserts that he first decided to add her as a witness after taking the deposition of the Trempealeau County Coroner on April 20, 2010. As defendant points out, however, knowing that his expert disclosure deadline was April 9, 2010, plaintiff should have either scheduled the coroner's deposition to take place earlier or sought an extension of his expert witness disclosure deadline.

3

Thus, the only question before the court is whether striking the experts is the appropriate sanction. As is clear from *Ruhland v. Walter Kidde Portable Equipment, Inc.*, 179 F.R.D. 246 (W.D. Wis. 1998), this court does not hesitate to impose such case-ending sanctions when the facts warrant them. These, however, are not such facts.

In *Ruhland*, the expert witness disclosures were filed not only two months late and *after* defendant had moved for summary judgment, but they also suffered from gaping substantive holes, including the failure of one report even to disclose the expert's opinions. *Id*. at 249. The plaintiffs blamed this omission on the parties' failure to agree to a date for destructive testing of the allegedly defective fire extinguisher, but had done nothing in the preceding months to seek an order compelling the testing or extending the disclosure deadline. *Id*. at 249-50.

In this case, by contrast, plaintiff filed his disclosures one month late and the summary judgment deadline has not yet passed. In addition, although failing to include the information about qualifications, compensation and prior litigation experience required by Rule 26(a)(iv)-(vi), the reports from Lear-Kaul and Jentzen that plaintiff previously provided to defendant clearly set out their opinions, the reasons therefore and the information they considered in reaching those opinions. As for Thomas, defendant had named her long ago as one of *its* potential witnesses and knew that she had performed the autopsy on plaintiff's wife. Thus, defendant cannot claim to have been completely surprised when plaintiff disclosed Lear-Kaul, Jentzen and Thomas as experts.

This is not to suggest that defendant has suffered no harm as a result of plaintiff's untimely disclosures. Defendant filed a report from its expert without knowing that plaintiff was going to call any and there is not enough time to take discovery from plaintiff's experts before

4

the deadline for filing dispositive motions on June 4, 2010.  As should be clear from *Ruhland*, this court takes the deadlines set at the pretrial conference seriously, believing that approach to be the most expeditious and fair way to resolve disputes.  As should also be clear, however, the court evaluates each case on its own circumstances, taking into account not just speed and expense, but also the ends of justice.  *See* F.R. Civ. Pro. 1.  Given the equities in this case, allowing defendant an opportunity to respond to plaintiff's expert reports and more time to file a dispositive motion is more fair than striking plaintiff's experts.

Accordingly, the pretrial conference order will be modified as follows: Defendant may have until June 18, 2010 to disclose experts and/or supplement its expert disclosures.  Defendant's deadline to file a motion for summary judgment is extended to July 2, 2010.  All other dates remain in place.

II.  Motion to Bifurcate and Stay

Having denied defendant's motion to strike plaintiff's experts, the court must address defendant's motion to bifurcate and stay plaintiff's bad faith claim, and to preclude plaintiff from seeking discovery relevant to bad faith, until the breach of contract issue is resolved.  In support of its motion, defendant relies on the Wisconsin Court of Appeals' opinion in *Dahmen v. American Family Ins. Co.*, 2001 WI App 198, 247 Wis. 2d 547, 635 N.W. 2d 1, in which the court held that a breach of insurance contract claim should be tried separately from a claim that the insurer acted in bad faith in denying benefits, and further, that discovery of the insurer's investigative files should not proceed until the coverage issue was resolved.  As I explained recently in a different case raising the same issue, *see Eide v. Life Ins. Co. of North America*, 09-cv-

671-slc, Ord. on Mot. to Bifurcate (April 19, 2010), dkt. 21, although I agree with the *Dahmen* court's view that the claims should be tried separately, I disagree with its piecemeal approach to discovery. Given the significant overlap that typically exists in the evidence necessary to answer the question whether the insurer was obligated to pay benefits under a policy and if so, whether it had a reasonable basis for thinking it did not, any prejudice to defendant from having to disclose internal documents from its claim file is outweighed by the time and money saved by allowing discovery on all issues to proceed simultaneously. Therefore, I am denying defendant's motion to stay discovery on bad faith.

As for the motion to bifurcate the matters for trial, I am declining to rule at this time. Although I leave it to the parties to decide how best to litigate their case, the coverage issue may be resolved on summary judgment, thereby mooting any decision on bifurcation. To allay plaintiff's concerns, however, I note that should there be a trial on both issues and the court decide to bifurcate, we would try the entire case serially to the same jury in the same week. There would not be separate trials in different weeks.

ORDER

IT IS ORDERED:

1. Defendant's motion to strike plaintiff's expert witnesses is DENIED;

2. Plaintiff's motion for an extension of time in which to disclose expert witnesses is GRANTED;

3. Defendant's motion for an order bifurcating the breach of contract and bad faith claims is STAYED;

    4. Defendant's motion for an order staying discovery on bad faith is DENIED; and

    5. Defendant may have until June 18, 2010 to disclose experts or supplement its expert disclosures and until July 2, 2010 to file a motion for summary judgment.


    Entered this 27th day of May, 2010.

                                  BY THE COURT:

                                  /s/

                                  STEPHEN L. CROCKER
                                  Magistrate Judge